946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SAN FRANCISCO CHAMBER OF COMMERCE, a California nonprofit
corporation, Plaintiff-Appellant,
v.
BAY PACIFIC HEALTH CORPORATION, a California corporation,
d/b/a Bay Pacific Health Plan, Frederickson Insurance
Agencies Inc., a California corporation, Peter Frederickson,
an individual, and Calender-Robinson Co., Inc., a California
corporation, and Does 1-20, inclusive, Defendants-Appellees.
 No. 89-16737.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1991.*
Submission Vacated Aug. 27, 1991.
Resubmitted Oct. 4, 1991.
Decided Oct. 10, 1991.
 
 Before JAMES R. BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The San Francisco Chamber of Commerce appeals the district court's grant of partial summary judgment in favor of Bay Pacific Health Corp. and Calender-Robinson Co. The district court held that: (1) Chamber's action against Bay Pacific for indemnification was barred by its determination that Bay Pacific's settlement with Hodgins was in good faith pursuant to Cal.Code Civ.Pro. § 877.6 and (2) Calender-Robinson had no duty to advise Chamber to obtain an ERISA liability endorsement. We affirm.
 
 
 3
 Chamber argues that Bay Pacific has an express contractual obligation to indemnify it for damages paid to its employee, Hodgins. We understand but reject the argument. Under California law, express contractual indemnity requires "express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances." E.L. White, Inc. v. City of Huntington Beach, 21 Cal.3d 497, 506, 146 Cal.Rptr. 614, 619, 579 P.2d 505, 510 (1978). Chamber has failed to allege the existence of any fact that could demonstrate such an agreement between itself and Bay Pacific.
 
 
 4
 Chamber contends that Calender-Robinson was negligent in failing to advise Chamber to procure an ERISA liability endorsement to its comprehensive general liability insurance policy. In the absence of some special relationship, an insurance agent's only duty is to use reasonable care, diligence, and judgment in procuring the insurance requested by the insured. Jones v. Grewe, 189 Cal.App.3d 950, 954, 234 Cal.Rptr. 717, 719 (1987). A special relationship requires that the insurer "assume additional duties by an express agreement or a holding out." Id. at 954, 234 Cal.Rptr. at 720. Chamber has alleged no fact that could demonstrate an assumption or holding out by Calender-Robinson.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3